IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ROBERT LEE | : | |
| Plaintiff | : | |
| v. | : | Civil Action No. JFM-11-2499 |
| WMATA | : | |
| Defendant | : | |

……………………………………………………………

| | | |
|---|---|---|
| ROBERT LEE | : | |
| Plaintiff | : | |
| v. | : | Civil Action No. JFM-11-2613 |
| WMATA | : | |
| Defendant | : | |

**MEMORANDUM**

Robert Lee has filed two complaints against WMATA (Washington Metropolitan Area Transit Authority). The complaints are substantially identical. In the interest of judicial economy, the cases will be consolidated. The court will grant plaintiff leave to proceed in forma pauperis for the limited purposed of preliminary review, and dismiss the case without prejudice for reasons to follow.

Federal courts must dismiss any action or claim that is frivolous or fails to state a claim on which relief may be granted. *See* 28 U.S.C. §§ 1915(e) (2). Rule 12(b) (6) of the Federal Rules authorizes a court to dismiss any complaint that does not state a claim "upon which relief can be granted." "A complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action" in order to survive a motion to dismiss. *See Bell Atlantic. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The factual allegations contained in a complaint "must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. Thus, a complaint must allege

"enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). A well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. *Id*.

In this case, the complaint does not provide fair notice of the claims and facts upon which they are based. For although it appears that plaintiff wants damages for an incident involving WMATA, the complaint wholly fails to describe the incident, when it occurred, where it occurred, or the injuries he allegedly sustained as a result. A defendant would find it difficult, if not impossible, to respond to this complaint. Although district courts have a duty to construe pro se pleadings liberally, a self-represented plaintiff must nevertheless allege facts that state a cause of action. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985) (adding that the duty to construe pro se complaints liberally "does not require [district] courts to conjure up questions never squarely presented to them."). Consequently, the complaint will be dismissed without prejudice.

The court notes further that plaintiff is a resident of West Virginia and WMATA is located in the District of Columbia, but operates public transit systems in the Washington Metropolitan area of the District of Columbia, Maryland and Virginia. There are no facts alleged to suggest that the District of Maryland is the appropriate venue for this proceeding.

A separate Order consolidating the two cases and dismissing this action without prejudice follows.

|  |  |
|---|---|
| ___October 7, 2011_ | ___/s/_____ |
| Date | J. Frederick Motz |
|  | United States District Judge |